# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-2758-AG (PJW) | | Date | May 2, 2016 |
|---|---|---|---|---|
| Title | *Donald B. Williams v. The People of California, et. al.* | | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        Order To Show Cause Why Case Should Not Be Dismissed at Screening Stage

Before the Court is a civil rights complaint by Plaintiff, a prisoner at California Medical Facility in Vacaville, California, against the State of California, the Los Angeles Superior Court, the District Attorney of Los Angeles County, the Los Angeles County Public Defender, and various government officials, alleging that they conspired against him by placing him in front of an "illegal tribunal" where he was maliciously prosecuted and falsely imprisoned. After screening the complaint, the Court finds that Plaintiff has not and likely cannot state a 42 U.S.C. § 1983 cause of action against these Defendants but will allow him opportunity to explain why the case should not be dismissed with prejudice at this stage.

The Court is required to screen *pro se* prisoner complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In doing so, the Court considers the complaint and any exhibits attached to it. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) . In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam).

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and the violation was committed by an individual acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In 2009, Plaintiff was convicted in Los Angeles Superior Court of, assault with a firearm and being a felon in possession of a firearm. Since Plaintiff's incarceration he has filed several unsuccessful federal habeas corpus petitions. He now brings this § 1983 claim against various Los Angeles County employees, the State of California, the Los Angeles District Attorney and Public Defender, and the Los Angeles County Superior Court for allegedly violating his rights during trial. The essence of his suit is that Defendants engaged in a criminal conspiracy to maliciously prosecute him and falsely imprison him. Such an action is specifically barred under the Supreme Court's landmark decision in *Heck v.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-2758-AG (PJW) | Date | May 2, 2016 |
|---|---|---|---|
| Title | *Donald B. Williams v. The People of California, et. al.* | | |

*Humphrey*, 512 U.S. 477 (1994), and its progeny.  In *Heck*, the Supreme Court established that a prisoner cannot bring a civil rights action which would necessarily imply the invalidity of his criminal conviction unless the conviction has been called into question.

Plaintiff seeks to do exactly that.  He alleges, for example, that there was a criminal conspiracy to have Defendant Lubell try the case even though he was not authorized to do so and as a result Defendants were able to withhold exculpatory evidence.  (Complaint at ¶¶ 20-25.)  While he ultimately requests money and not freedom, were Plaintiff to prevail, he would undermine his conviction, which is barred under *Heck*.  512 U.S. at 479, 490.

Additionally, the Eleventh Amendment prohibits individuals from suing the state and state agencies in federal court for money damages unless the state consents.  *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).  The State of California, the Los Angeles County District Attorneys Office, the Los Angeles County Public Defenders Office, and the Los Angeles Superior Court are all state agencies and therefore entitled to Eleventh Amendment immunity.  *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (California courts are an arm of the state and immune from § 1983 suits under the Eleventh Amendment).  This means that Plaintiff cannot sue them in this Court.

Plaintiff is also suing Defendants Lubell, Cooley, Kong, and Kann in their official capacities for money damages.  This he cannot do because an "official-capacity" suit against state employees is the same as a claim for money damages against the state of California, which is barred under the Eleventh Amendment.  *Rucker v. Jones*, 933 F.2d 1015, 1015 (9th Cir. 1991); *Blaylock v. Schwinden*, 862 F.2d 1352, 1353 (9th Cir. 1988).  Here, neither California nor its agencies have waived their Eleventh Amendment immunity.  As such, Plaintiff's claims against the government and its entities and his official capacity claims for money damages are dismissed. He should not re-allege them in an amended complaint.

Though it appears to the Court that nothing Plaintiff can say or do can rectify the shortcomings in the Complaint, recognizing that Plaintiff is proceeding *pro se*, the Court will allow him an opportunity to explain why the Complaint should not be dismissed with prejudice at this stage.  Plaintiff has until May 31, 2016, to file his brief.  Failure to timely abide by this Order will result in the dismissal of this action.

cc: all parties

S:\PJW\Cases-Civil Rights\WILLIAMS 16-2758\Screening Order Complaint1.wpd

|  | : | 00 |
|---|---|---|
| Initials of Preparer | im | |